IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUANT, INC., D/B/A ORANGE BUSINESS SERVICES, | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:11-CV-0838-D |
| VS. | § § | |
| UNIFIED 2020 REALTY PARTNERS, L.P., et al., | § § § § | |
| Defendants. | § | |
| UNIFIED 2020 REALTY PARTNERS, L.P., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:11-CV-0861-D |
| VS. | § § | |
| PROXIM WIRELESS CORP., et al., | § § § | |
| Defendants. | § | |
| UNIFIED 2020 REALTY PARTNERS, L.P., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:11-CV-1082-D |
| VS. | § § | |
| EQUANT, INC. D/B/A ORANGE BUSINESS SERVICES, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In these three related cases—one filed in this court and two removed here—the court must decide whether a non-diverse citizen's citizenship must be disregarded based on a claim of collusion in assigning an equity interest in a limited partnership to destroy diversity jurisdiction. Concluding that the party seeking the federal forum did not meet its burden of establishing a collusive assignment, the court remands the two removed cases and dismisses the other case without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

I

These three cases arise from essentially the same landlord-tenant dispute[1] between Equant, Inc. ("Equant") d/b/a Orange Business Services,[2] on the one hand, and Unified 2020 Realty Partners, L.P., Unified 2020 Realty Partners GP L.L.C., and BVL Partners, L.L.C.[3] (collectively, "Unified"), on the other. Equant is a Delaware corporation with its principal place of business in Georgia. Unified's partnership structure includes numerous partnerships and limited liability companies, all of which are Texas citizens except Readster, Inc. ("Readster"), which is a Delaware corporation. Shortly before Equant was involved in any

---

[1] The court recounts only the facts pertinent to the jurisdictional question decided today.

[2] Equant is the plaintiff in Civil Action No. 3:11-CV-0838-D and a defendant in Civil Action Nos. 3:11-CV-0861-D and 3:11-CV-1082-D.

[3] These parties are defendants in Civil Action No. 3:11-CV-0838-D and plaintiffs in Civil Action Nos. 3:11-CV-0861-D and 3:11-CV-1082-D.

of these three cases, Readster was incorporated in Delaware and obtained equity interests (the "Readster transactions") in multiple entities that make up the Unified partnership structure.

At the outset of these cases, Equant was unaware that Readster was part of the Unified partnership structure. After the cases were removed or filed in this court, the court ordered Equant—either in an amended notice of removal or an amended complaint—to specifically allege the citizenship of each partner of Unified's various partnerships so that the court could ensure that it had subject matter jurisdiction. Equant requested and obtained permission to conduct jurisdictional discovery. Equant now concedes that, because of Readster, there is a Delaware citizen on both sides of each lawsuit. But Equant maintains that Readster's citizenship should be disregarded for the purposes of determining diversity jurisdiction because Readster was collusively assigned an interest in Unified's partnership structure for the principal purpose of destroying diversity. Unified now moves to remand the two removed cases and to dismiss the suit that Equant filed in this court.[4]

---

[4]The court addresses together Unified's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in Civil Action No. 3:11-CV-0838-D and its motions to remand in Civil Action Nos. 3:11-CV-0861-D and 3:11-CV-1082-D. Because the court concludes that Readster's citizenship destroys complete diversity, it need not address whether the citizenship of any other present or former party affects the court's subject matter jurisdiction.

II

"[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp. v. Ins. Co. of Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. Unit A Dec. 1981)). "If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants." *Id.* (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)) (explaining the requirement of complete diversity). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.* at 1259 (citing *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986)). "Federal courts are courts of limited jurisdiction. [A court] must presume that a suit lies outside this limited jurisdiction[.]" *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

III

The dispositive question presented by Unified's motions to remand and to dismiss is whether Equant has met its burden of establishing that Unified collusively assigned Readster an equity interest in its partnership structure principally to defeat diversity jurisdiction in this litigation.

A

This court has "both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990). But unlike the higher burden that applies to improper joinder,[5] "the issue of whether the assignment was improperly or collusively made is to be resolved as a simple question of fact." *Id.* at 186 (citing *Bass v. Tex. Power & Light Co.*, 432 F.2d 763, 766-67 (5th Cir. 1970)). Because Equant is the party seeking the federal forum it bears the burden of demonstrating that Readster's acquisition of an equity interest in the Unified partnership structure was done for the principal purpose of defeating diversity jurisdiction.[6]

B

Although the court does not suggest that a collusive assignment can only be based on the assignment of a claim rather than of an ownership interest in a party itself, the courts that have found collusive assignments have done so based on conduct that relates to a claim. *See,*

---

[5]*See, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (referring to whether "removing party has carried its heavy burden of proving that the joinder was improper.").

[6]The parties dispute whether *Grassi* applies in a case where the alleged collusive assignment is of an interest in a legal entity (e.g., a partnership) rather than of a claim. The court need not decide this question because, assuming that *Grassi* applies outside the context of a claim assignment, Equant has failed to meet its burden as to the assignment at issue in this litigation.

*e.g., id.* (holding that district court's finding that assignment to corporation of 2% interest in claim was done principally to defeat diversity jurisdiction was not clearly erroneous); *JMTR Enter. v. Duchin,* 42 F.Supp.2d 87, 92-93 (D. Mass. 1999) (holding that assignment of claim to nondiverse entity was done collusively to destroy diversity jurisdiction); *Picquet v. Amoco Prod. Co.*, 513 F. Supp. 938, 940-41 (M.D. La. 1981) (holding that sole motivation of assignment to nondiverse corporation of 1/108 interest in land central to claim was to defeat diversity jurisdiction). In other words, the party seeking to avoid federal jurisdiction arranged for a nondiverse entity to have an interest in the claim itself rather than to change its ownership structure to include a nondiverse entity. The assignment of a claim is more indicative of a party's colluding to destroy federal jurisdiction because it is more closely linked to the litigation itself. And absent exceptional circumstances not present here, it is more plausible that a party seeking to destroy diversity jurisdiction will do so by undertaking less drastic steps than fundamentally altering its ownership structure.[7]

Because the Readster transactions at issue here do not involve mere assignments of claims, Equant must persuade the court that Unified was motivated to change its partnership structure principally to defeat diversity jurisdiction in these lawsuits. Equant asks the court to infer that the principal purpose of the Readster transactions was to defeat diversity jurisdiction based on circumstantial evidence, such as the timing of the transactions, the fact

---

[7]The court can envision circumstances where the stakes in anticipated or pending litigation are sufficiently high that an entity seeking to avoid federal court would change its ownership structure. These cases do not fall within that category.

that Edward A. Roush ("Roush") controls the entities on both sides of the Readster transactions, and that Readster obtained only 2% or 5% interests in the various entities that comprise the Unified partnership. But this evidence does not adequately demonstrate that Unified was motivated to change its partnership structure via the Readster transactions principally to defeat diversity jurisdiction in these lawsuits. Equant has not introduced evidence of a specific motive that Unified had for avoiding federal court, such as instances where Unified had received a favorable ruling in state court prior to removal or had received adverse rulings in federal court.[8] Moreover, the parties do not cite, and the court has not located, any cases that have found collusion for the principal purpose of defeating diversity jurisdiction based on a change in the ownership of a current or potential party to litigation. Without stronger circumstantial evidence of motive, or proof of a more specific motive for avoiding federal court, Equant has not met its burden of establishing that Unified's principal

---

[8]Equant argues that because Roush, who created and controls most of the entities that make up Unified's partnership structure, has personally been the subject of adverse rulings in federal court, he has a strong motive to collusively destroy federal jurisdiction. But even if the court assumes that Roush had a motive to avoid federal court, he is not a party to these lawsuits. And the court is not persuaded that his personal experiences in federal court are probative of Unified's motivation to alter its ownership structure. Moreover, although incorporating Readster in Delaware (a common state for incorporation) could perhaps destroy diversity more often than would choosing another state of incorporation, it still would not necessarily keep the Unified entities out of federal court altogether. And Equant has not persuaded the court that Roush wished to stay out of federal court for some reason in this litigation.

Equant also maintains that Unified desires to litigate in state court to carry out a business practice of using state court litigation as leverage against tenants. Equant has not demonstrated, however, why it is necessary or preferable for Unified to litigate in state court to achieve such leverage.

purpose in assigning Readster an equitable interest in Unified's partnership structure was to destroy diversity jurisdiction in these cases. Although the circumstantial evidence permits the inference that the Readster transactions could have been motivated by Unified's desire to litigate in state court, Equant has not shown that the Readster transactions were made "*principally* to defeat [diversity]." *Grassi*, 894 F.2d at 185 (emphasis added).[9]

IV

Unified's request for attorney's fees is denied.[10] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may

---

[9]In each case, Equant moves for further jurisdictional discovery, or for a hearing at which it can question Unified's witnesses concerning the Readster transactions. The court denies the motions.

First, the court has not made credibility determinations in reaching its decisions. Equant's evidence, taken as true, is insufficient to establish that Unified effected the Readster transactions principally to defeat diversity jurisdiction.

Second, the court has discretion whether to hold such a hearing. *See Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (holding that court can choose to ascertain jurisdictional facts through oral testimony, affidavits, or depositions). An evidentiary hearing would likely involve somewhat extensive inquiries into Unified's motives in undertaking numerous business transactions and corporate structuring decisions rather than, for example, simply examining the motives for assigning a particular claim. *See HDNET MMA 2008, LLC v. Zuffa, LLC*, 2008 WL 958067, at *5 (N.D. Tex. Apr. 9, 2008) (Fish, J.) ("[T]he court recognizes the danger inherent in second-guessing the motivation behind business decisions."). Except in unusual cases, allowing such hearings—perhaps preceded by pre-hearing discovery—could stall the progress of litigation while the parties and the court addressed complex business organization issues that were unrelated to the merits of the case.

[10]It appears that Unified makes this request only in Civil Action No. 3:11-CV-1082-D. If Unified made the request in the other removed case, that request is also denied.

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  Unified has failed to demonstrate that Equant lacked an objectively reasonable basis for seeking removal.  Unified was unaware, through no apparent fault of its own, that shortly before Equant became involved in any of these three cases, Readster was incorporated in Delaware and obtained equity interests in the Unified partnership structure, which in turn destroyed diversity.

\* \* \*

Accordingly, the court grants Unified's January 13, 2012 amended Rule 12(b)(1) motion to dismiss in Civil Action No. 3:11-CV-0838-D and dismisses the case without prejudice for lack of subject matter jurisdiction by judgment filed today.

The court grants Unified's May 6, 2011 motion to remand in Civil Action No. 3:11-CV-0861-D because the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  The action is remanded to the 44th Judicial District Court of Dallas County, Texas.  The clerk shall effect the remand in accordance with the usual procedure.

The court grants Unified's June 23, 2011 motion to remand in Civil Action No. 3:11-CV-1082-D because the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  The action is remanded to the Justice of the Peace, Precinct 1, Dallas County, Texas.  The clerk shall effect the remand in accordance with the usual procedure.

Because the court is granting Unified's motions to remand and Rule 12(b)(1) motion to dismiss, it does not reach the other pending motions not addressed in this memorandum opinion and order.[11]

**SO ORDERED.**

March 27, 2012.

                                          _____
                                          SIDNEY A. FITZWATER
                                          CHIEF JUDGE

---

[11]*See supra* note 9 for related motions that the court has addressed.